```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION
```

MICHAEL RANDOLPH,               )
                                )
          Petitioner,           )
                                )
     v.                         )    No. 4:05 CV 2389 ERW
                                )                    DDN
CHARLES DWYER,                  )
                                )
          Respondent.           )

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This action is before the court upon the petition of Missouri state prisoner Michael Randolph for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge for review and a recommended disposition in accordance with 28 U.S.C. § 636(b).

### I. BACKGROUND

On October 6, 1999, petitioner Michael Randolph was found guilty by a jury in the Circuit Court of the City of St. Louis of first degree assault and armed criminal action. (Doc. 12, Exh. B at 49-51.) Petitioner was sentenced to concurrent terms of 25 years on the assault count and 10 years imprisonment on the armed criminal action count. (Id. at 50.)

Randolph appealed the conviction and sentence, claiming gender Batson discrimination and improper admission of prejudicial evidence at trial. (Id., Exh. C at 8-9.) The Missouri Court of Appeals affirmed the convictions and sentences on September 19, 2000. (Id., Exh. E.)

Petitioner filed a motion for post-conviction relief on October 31, 2000, arguing ineffective assistance of trial and appellate counsel and lack of jurisdiction. Petitioner's motion was denied without a hearing by the circuit court on August 20, 2004. (Id., Exh. F at 52-55.) The Missouri Court of Appeals affirmed the denial of post-conviction relief on June 21, 2005. (Id., Exh. I.)

Petitioner's instant petition for a writ of habeas corpus raises the following grounds for relief:

    (1)    Petitioner was denied due process and equal protection of the law by the State's improper use of peremptory strikes of three female venirepersons.

    (2)    Petitioner was denied due process and a fair trial by the admission of irrelevant and prejudicial testimony that two state witnesses were both pregnant on the day that petitioner allegedly assaulted Albert J. Killian, Jr.

    (3)    Petitioner was denied due process, equal protection of the law, effective assistance of both trial and appellate counsel, and a fair trial by the state court's denial of his motion for post-conviction relief without an evidentiary hearing.

(Doc. 3.)

Respondent argues that all three grounds are without merit and that two of petitioner's theories of ineffective assistance of counsel are procedurally barred.

To qualify for habeas corpus consideration under § 2254, a prisoner first must exhaust all available state remedies for each ground he presents in federal court. 28 U.S.C. § 2254(b)(1)(A), (c); Coleman v. Thompson, 501 U.S. 722, 731 (1991); Wayne v. Mo. Bd. of Prob. & Parole, 83 F.3d 994, 996 (8th Cir. 1996). Failure to raise a claim in the state circuit and appellate courts erects a procedural bar to relief on that claim in this court. Sweet v. Delo, 125 F.3d 1144, 1149-51 (8th Cir. 1997).

Petitioner may avoid the procedural bar to federal habeas review if he can demonstrate cause for the default and prejudice resulting from it, or if he can demonstrate that failure to review the claim would result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750. To establish cause for a procedural default, petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with state procedural requirements. Id. at 753. Petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170

(1982).  Finally, a petitioner wishing to excuse his procedural default on the "fundamental miscarriage of justice" prong must demonstrate by new and reliable evidence that he is more likely than not actually innocent.  Osborne v. Purkett, 411 F.3d 911, 920 (8th Cir. 2005).

For grounds considered on their merits, habeas relief may be granted by a federal court on a claim previously adjudicated on its merits in a state court only when petitioner can show the state court decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).  "A state court's decision is contrary to clearly established law if the controlling case law requires a different outcome either because of factual similarity to the state case or because general federal rules require a particular result in a particular case."  Tokar v. Bowersox, 198 F.3d 1039, 1045 (8th Cir. 1999).  The issue this court faces when deciding whether a state court unreasonably applied federal law is "whether the state court's application of clearly established federal law was objectively unreasonable."  Williams v. Taylor, 529 U.S. 362, 409 (2000)(concurring opinion of O'Connor, J.).  A federal habeas court may not issue a writ under the "unreasonable-application" clause "simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly."  Williams, 529 U.S. at 411.

## II. DISCUSSION

**A.    Ground 1**

In Ground 1, petitioner claims that his equal protection rights were violated when the prosecutor improperly peremptorily struck as jurors venirepersons Shawn Miller, Deanna McDonald, and Theresa Tevick

- 3 -

because they were female, while similarly situated males were not stricken.[1]

The Equal Protection Clause prohibits the use of peremptory strikes to remove potential jurors on the sole basis of gender. J.E.B. v. Alabama, 511 U.S. 127, 128-29 (1994). However, merely striking potential jurors of the same gender, without more, does not indicate a bias against their sex. Id. at 143. A defendant alleging gender discrimination must make a prima facie showing of intentional discrimination before the party exercising the challenge is required to explain the basis for the strike. Id. at 144-45; see Batson v. Kentucky, 476 U.S. 79, 97 (1986). The explanation need not rise to the level of a "for cause" challenge; rather, it merely must be based on a juror characteristic other than gender, and the proffered explanation must not be pretextual. Id. at 145. If such a legally sufficient explanation is provided, the burden then shifts to the defendant to show that the state's explanation was actually motivated by the prospective juror's gender. See, e.g., State v. Deck, 994 S.W.2d 527, 537 (Mo. 1999).

At trial, the prosecutor struck four women and two men using her six peremptory strikes. (Doc. 12, Exh. A at 209-12.) After the prosecutor made these strikes, defense counsel objected to the striking of Miller, McDonald, and Tevick and the prosecutor then was required to provide reasons for the strikes. As for venireperson Miller, the prosecutor told the court that she "could not get her to really elicit or talk or solicit any answers from her." (Id. at 210). Defense counsel pointed out that Mr. Waltman, a male venireperson, was similarly situated. (Id.) The prosecutor struck venireperson McDonald, because she did not " answer any questions solicited of her
outside of when I went across and
people were required to do so, their
individual questions, which she
answered very quickly." (Id. at 212).

---

[1]The state also struck female Carroll Adams, but the petitioner does not challenge her strike in his habeas petition. (Doc. 12, Exh. A at 211; Doc. 3 at 1.)

> Defense counsel again pointed out that Mr. Waltman and Mr. Basset were similarly situated males. (<u>Id.</u>) Lastly, the prosecutor stated that venireperson Tevik had been peremptorily struck because:
>
>> I only got her to answer one question to me, and that was with regard to victims of crime, which she stated her cousin was the victim of a robbery about three years ago. Outside of that, Ms. Tevik did not respond to any other questions posed by me.

(<u>Id.</u> at 213.) Again, defense counsel pointed to the similarly situated Mr. Waltman. The trial judge overruled defense counsel's challenges, finding the prosecutor's reasons were gender neutral. (<u>Id.</u> at 210-13.) On appeal, the Missouri Court of Appeals held that petitioner failed to meet his burden of proving that the prosecutor's expressed reasons for striking these potential jurors were pretextual. (<u>Id.</u> Ex. E at 6.)

The record supports the determination that petitioner had not met his burden of proving that the strikes were motivated by gender. Petitioner's counsel merely argued that there were similarly situated male jurors, but did not give any explanation to support this claim beyond naming Mr. Waltman and Mr. Basset. The trial court accepted the prosecutor's explanations and, examining the explanations and circumstances which appear on the record, the undersigned cannot say that the trial court abused its discretion in finding no <u>Batson</u> violation. The reasons given by the prosecutor were gender neutral.

Review of a <u>Batson</u> claim raised in a habeas petition presumes that the state courts found the facts correctly, unless petitioner rebuts that presumption with clear and convincing evidence. <u>Weaver v. Bowersox</u>, 241 F.3d 1024, 1030 (8th Cir. 2001). This court's deference to the factfinding of the state trial court is "doubly great . . . because of the [trial court's] unique awareness of the totality of the circumstances surrounding voir dire." <u>Id.</u> Petitioner did not meet the burden of proof before the trial court and fails to produce any evidence which shows the trial court decision is not entitled to deference.

For these reasons, the state courts' decisions denying this ground for relief were reasonable.

Ground 1 should be denied on its merits.

**B.     Ground 2**

In Ground 2, petitioner argues his due process rights were violated when the State elicited irrelevant testimony from two witnesses. Specifically, petitioner claims testimony that state witnesses McClendon and Whitfield were both pregnant inflamed and prejudiced the jury. (Doc. 3 at 5.)

Petitioner's argument fails because the claim is procedurally barred. Petitioner failed to preserve this claim in the trial court because he did not include it in his motion for a new trial and has shown no external factor excusing this default. The court of appeals declined plain error review on this claim, stating that "[e]ven if immaterial or irrelevant evidence is admitted, it cannot constitute prejudicial or reversible error absent some showing that the evidence inflamed the jury or diverted its attention from the issues to be resolved." (Doc. 12, Exh. E at 7.) As discussed above, petitioner may avoid this procedural bar by showing cause for the default and actual prejudice or by showing that he is probably actually innocent. <u>Reagan v. Norris</u>, 279 F.3d 651, 656 (8th Cir. 2002).

Petitioner has failed to avoid the procedural bar. He has made no showing that this evidence worked to his actual and substantial disadvantage. Further, petitioner has not attempted to establish cause for the default nor does he argue that he is actually innocent.

This ground for relief should be denied as procedurally barred.

In the alternative, respondent argues that this ground is without merit. Petitioner argues that the testimony that witnesses McClendon (Doc. 12, Ex. A at 255) and Whitfield (<u>id.</u> at 289) were pregnant at the time of the shooting was irrelevant and prejudicial. In the testimony of these women, during both direct and cross-examination, nothing more was said of their pregnant condition. And nothing was said of it during the closing arguments. Therefore, whether or not the pregnant state of

the witnesses related to the facts of the case or the credibility of these witnesses, petitioner was not prejudiced by their testimony. Therefore, the admission of this very brief testimony that these two witnesses were pregnant when they witnessed the shooting did not deprive petitioner of a fair trial nor violate any other constitutional right.

Although it recognized that petitioner had not submitted this ground to the circuit court, the Missouri Court of Appeals stated,

> Even if immaterial or irrelevant evidence is admitted, it cannot constitute prejudicial or reversible error "[a]bsent some showing that the evidence inflamed the jury or diverted its attention from the issues to be resolved. . . . We have reviewed the record and find no basis on which to review this point for plain error."

(Id. Ex. E at 7.) The state appellate court's assessment of this ground on plain error review was reasonable.

Ground 2 should be denied on its merits.

**C.     Ground 3**

In Ground 3, petitioner alleges six different theories of ineffective assistance of trial counsel. The first three theories involve petitioner's allegations against trial counsel, specifically that his trial counsel failed to call as witnesses (1) petitioner's mother, (2) Officers Carr and Upchurch, and (3) Demarco Johnson. (Doc. 3 at 7-8.) These three theories were not raised before the Missouri circuit court in petitioner's Rule 29.15 motion for post-conviction relief. (Doc. 12, Exh. F at 26.) Further, these claims were not presented to the court of appeals in petitioner's post-conviction appeal. (Doc. 12, Exh. G.) As discussed above, failure to exhaust all available state remedies erects a procedural bar to federal habeas review unless petitioner can establish legally sufficient cause for the default with actual prejudice or establish that failure to consider the barred claims would result in a fundamental miscarriage of justice. Sweet, 125 F.3d 1149-50.

Petitioner attempts to establish cause by claiming that his appellate counsel had a conflict of interest, because appellate, trial and post-conviction counsel all worked at the same office. (Doc. 3 at

26.)  Petitioner claims this conflict of interest was the reason appellate counsel failed to bring petitioner's ineffective assistance claims against the prior counsel.  However, appellate counsel did raise contentions of ineffective assistance of trial and post-conviction counsel.  (Doc. 12, Exh. F at 26.)  Further, petitioner has made no claim that this alleged conflict of interest prejudiced him at trial.

Petitioner also has failed to demonstrate a fundamental miscarriage of justice; he merely claims the omitted testimony was "too exculpatorily [sic] critical to [his] defense not to be thoroughly investigated and presented at [his] trial." (Doc. 3 at 27.)  Petitioner makes no claim of actual innocence.

Thus, these three claims of ineffective assistance of counsel should be denied.

Petitioner's fourth claim of ineffective assistance of counsel is that both trial and appellate counsel failed to object to the case proceeding in circuit court when juvenile court was the proper venue. This claim was neither raised on direct appeal nor presented in petitioner's motion for post-conviction relief.  (Doc. 12, Exh. F at 26; Doc. 12, Exh. G.)  Counsel did raise the issue of improper venue on appeal, but argued that the trial court abused its discretion, not that counsel failed to object.

As discussed above, the failure to exhaust state remedies presents a procedural bar which may be overcome by a showing of cause with actual prejudice or a fundamental miscarriage of justice.  Petitioner argues that a fundamental miscarriage of justice resulted because he was deprived of the statutory protections of the juvenile court system. (Doc. 3 at 22, 27.)  Specifically, petitioner argues he was denied the right to appeal his certification to stand trial as an adult because the recommendation of the juvenile commissioner was never filed and approved by a juvenile judge.  However, courts have interpreted the "fundamental miscarriage of justice" prong as a requirement that the defendant must assert his innocence.  Petitioner has made no such claim here and thus this is not a fundamental miscarriage of justice.  This claim should be denied.

Petitioner's fifth claim of ineffective assistance of counsel is that trial and appellate counsel did not raise an ineffective assistance of counsel claim for failure to preserve the gender <u>Batson</u> challenge. (Doc. 3 at 23.) Petitioner did not present a claim of ineffective assistance of <u>appellate</u> counsel in his Rule 29.15 motion and thus is procedurally barred. Direct appeal counsel did argue that <u>trial</u> counsel failed to make the proper gender <u>Batson</u> challenge in his 29.15 motion. (Doc. 12, Exh. F at 28.) The court of appeals, however, found petitioner did not plead sufficient facts to entitle him to relief because petitioner failed to allege prejudice due to trial counsel's alleged error. (<u>Id.</u>, Exh. I at 4.)

Failure to plead a post-conviction claim sufficiently constitutes procedural default that precludes federal court review of the claim. <u>Smith v. Groose</u>, 998 F.2d 1439, 1442 (8th Cir. 1993). Petitioner has failed to demonstrate good cause with actual prejudice or a miscarriage of justice excusing these defaults and thus this claim for relief should be procedurally barred.

Petitioner's sixth and final claim of ineffective assistance of counsel is that direct appeal counsel failed to brief and argue that the trial court impermissibly used sentencing to punish petitioner for exercising his right to a jury trial.[2]

There are two elements to a claim of ineffective assistance of counsel. A habeas petitioner first must demonstrate that counsel's performance fell below an objective standard of reasonableness. <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984). In this regard, petitioner must overcome a strong presumption that counsel has rendered constitutionally effective assistance. <u>Id.</u> at 689; <u>Blackmon v. White</u>, 825 F.2d 1263, 1265 (8th Cir. 1987).

The second element requires that a habeas petitioner demonstrate prejudice resulting from counsel's deficient performance. <u>Strickland</u>, 466 U.S. at 687. This requires showing that counsel's errors were so

---

[2]Petitioner appears to attack the court of appeals' decision that appellate counsel did not render ineffective assistance of counsel, rather than arguing that appellate counsel was ineffective.

serious as to deprive petitioner of a fair trial with a reliable result. Id.

The trial judge indicated he believed it was in petitioner's best interest to plead guilty and even offered petitioner a significantly lower sentence than the plea offered by the State. (Doc. 12, Exh. A at 354-57.) The judge further indicated that, if petitioner rejected this offer, the judge would accept the jury's recommendation regarding the sentence. (Id.) Petitioner proceeded to trial, was found guilty, and was sentenced according to the jury recommendation.

The Missouri Court of Appeals rejected petitioner's argument, concluding that counsel performed sufficiently and did not breach any duty to petitioner because the facts did not demonstrate any vindictive sentencing. This is a reasonable, factual finding entitled to deference under 28 U.S.C. § 2254(d). Petitioner has failed to demonstrate unreasonableness by counsel or any prejudice resulting from counsel's performance.

This ground for relief should be denied.

### III. RECOMMENDATION

For the reasons set forth above, it is the recommendation of the undersigned United States Magistrate Judge that the petition of Michael Randolph for a writ of habeas corpus be denied.

The parties are advised that they have ten (10) days in which to file written objections to this Report and Recommendation. The failure to file timely written objections may result in waiver of the right to appeal issues of fact.

/S/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on September 24, 2007.