UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL RANDOLPH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:05CV2389 ERW (DDN) |
| ) | |
| CHARLES DWYER, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge David D. Noce [doc. #15] pursuant to 28 U.S.C. § 636(b). Petitioner has filed Objections to the Report and Recommendation [doc. #17]. When a party objects to a magistrate's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objects. *See United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (citing 28 U.S.C. § 636(b)(1)).

**I. BACKGROUND**[1]

Petitioner has filed suit under 28 U.S.C. § 2254 seeking a writ of habeas corpus. The Magistrate Judge addressed three grounds for relief raised in Petitioner's petition.[2]

---

[1]The Magistrate Judge's Report and Recommendation recites the facts and procedural history of this case, therefore this Court will not repeat it here. The Court will note those facts which are pertinent to the discussion.

[2]In the Petitioner's objections to the Magistrate Judge's Report and Recommendations, the Petitioner raises six grounds for relief. All issues are addressed by the Magistrate, therefore, in order to avoid confusion, this Court will follow the Magistrate Judge's outline in addressing the claims.

1

## II. STANDARD OF REVIEW

In order to raise a claim in a federal habeas petition, a prisoner must first exhaust all available state remedies. 28 U.S.C. § 2254(b)(1)(A) & (c); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims."). The exhaustion requirement is excused if "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

If a claim was considered before the state court on its merit, then the petitioner must show that the state court decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "A state court's decision is contrary to clearly established law if the controlling case law requires a different outcome either because of factual similarity to the state case or because general federal rules require a particular result in a particular case." *Tokar v. Bowersox*, 198 F.3d 1039, 1045 (8th Cir. 1999) (internal quotation omitted). This Court must determine whether the state court's decision was objectively unreasonable. *Williams v. Taylor*, 529 U.S. 362, 409 (2000).

## III. DISCUSSION

### A. Ground 1

Under Ground I of the Petition, Petitioner raises a claim under the equal protection clause of the Fourteenth Amendment. Petitioner asserts that the Prosecutor improperly struck three

potential jurors on the basis of their gender. The respondent disputes that the jurors were improperly struck.

The Equal Protection Clause prohibits the use of peremptory strikes to remove potential jurors on the basis of gender. *J.E.B. v. Alabama*, 511 U.S. 127, 128-29 (1994) ("We hold that gender, like race, is an unconstitutional proxy for juror competence and impartiality."). A party alleging gender discrimination "must make a prima facie showing of intentional discrimination before the party exercising the challenge is required to explain the basis for the strike." *Id.* at 145. Once a legally sufficient explanation is provided, then the burden shifts back to the Defendant to show that the state's explanation was actually motivated by the prospective juror's gender. *State v. Deck*, 994 S.W.2d 527, 537 (Mo. 1999) (Describing the three step process required for making a successful *Batson* challenge.).

The Prosecutor stated, after a challenge from defense counsel, that he struck each of the potential jurors because he was unable to elicit complete responses from them during voir dire. Defense counsel asserted that this explanation was insufficient, because a similarly situated male juror, Mr. Waltman, also provided incomplete responses and was not struck by the Prosecutor. The State court trial judge overruled Defense counsel's objections. This decision was upheld by the Missouri Court of Appeals. The Magistrate Judge concluded that there was insufficient evidence on the record to show that the state court judge abused its discretion in concluding that the peremptory strikes were proper. This Court agrees. Petitioner has failed to provide sufficient evidence to rebut the presumption that the state court's finding , on the legality of the peremptory challenges, was correct. *Weaver v. Bowersox*, 241 F.3d 1024, 1030 (8th Cir. 2001) ("[O]ur review presumes that the Missouri courts found the facts correctly, unless Weaver [petitioner] rebuts that presumption with clear and convincing evidence."). When challenged by Defense

Counsel, the Prosecutor provided gender neutral reasons for her peremptory strikes, and the state trial court found that these reasons were not pretextual. There is no evidence in the record to support a contrary finding. Therefore, Petitioner's motion is denied on this basis.

**B. Ground 2**

Petitioner's second ground for relief challenges the testimony of two witness presented at trial. Specifically, Petitioner argues that testimony from two female witnesses, that they were pregnant at the time of the crime, inflamed and prejudiced the jury. This claim was not raised on direct appeal, nor was it included in petitioner's motion for a new trial before the trial court. Therefore, the Magistrate Judge concluded that this claim was procedurally barred. This Court agrees.

The failure to raise a claim on direct appeal results in a procedural bar unless the Petitioner can show cause and actual prejudice, or that failure to address the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. This latter requirement has alternately been defined as requiring a showing of actual innocense. *See Reagan v. Norris*, 279 F.3d 651, 656 (8th Cir. 2002) ("This rule is nearly absolute, barring procedurally-defaulted petitions unless a habeas petitioner can demonstrate cause for the default and actual prejudice . . . or show actual innocense." (internal quotation omitted)). Petitioner has not presented any evidence of why he could not have raised this argument on direct appeal, or in a post conviction motion, or any evidence supporting a claim of actual innocence. Therefore, the Court concludes that this claim is procedurally defaulted, and it is unnecessary to address the alternate grounds provided by the Magistrate Judge.

**C. Ground 3**

4

Petitioner's final claim for relief raises six different bases of ineffective assistance of trial counsel.[3] The first three bases involve Petitioner's trial counsel's failure to call as witnesses Petitioner's mother, Officers Carr and Upchurch, and Demarco Johnson. Petitioner's fourth basis of ineffective assistance asserts that both trial and appellate counsel were ineffective for failing to object to the case proceeding in circuit court, when it should have proceeded in juvenile court. Petitioner's fifth basis argues that trial and appellate counsel were ineffective for failing to raise an ineffective assistance of counsel claim against trial counsel for failing to preserve the *Batson* challenge. Petitioner's sixth basis asserts that petitioner's direct appeal counsel failed to argue that the trial court impermissibly used sentencing practices to punish petitioner for exercising his right to a jury trial. The Magistrate Judge found all of these bases to be insufficient, and this Court agrees.

### 1. Failure to Call Exculpatory Witnesses

The Court will simultaneously address the first three bases, which all challenge trial counsel's decisions regarding witnesses. Petitioner did not raise this challenge in his motion for post-conviction relief before the circuit court, nor did he raise it before the Missouri Court of Appeals. Therefore, under the rules recited above, Petitioner is barred from raising this claim unless he can show cause and actual prejudice, or actual innocense. *Reagan v. Norris*, 279 F.3d at 656. Petitioner argues that he can establish cause and actual prejudice, due to his appellate counsel's conflict of interest, as Petitioner's appellate counsel worked in the same office as Petitioner's trial counsel. This argument is insufficient, as Petitioner's appellate counsel did raise an ineffective assistance argument, just not in this specific basis, thereby negating Petitioner's

---

[3]This is the cause of the confusion in numbering between the Magistrate Judge's Report and Recommendation and the Petitioner's objections.

assertion of a conflict of interest. Furthermore, Petitioner has failed to show actual prejudice; that had Petitioner's appellate counsel raised this basis, the outcome of the appeal would have been different. Lastly, Petitioner has failed to show that this Court's failure to consider this basis because it is procedurally barred would result in a miscarriage of justice. Petitioner conclusively asserts that the testimony of the witnesses would have been exculpatory, however, he fails to provide any evidence to support this assertion. Therefore the Court concludes that Petitioner's first three bases for his ineffective assistance of counsel claim fail to overcome the procedural bar, and therefore his petition for writ of habeas is denied on this basis.

### 2. Jurisdiction of Circuit Court

Petitioner's next assertion is that both trial and appellate counsel were ineffective for failing to assert that the case was improperly before the circuit court, due to Petitioner's status as a juvenile. As discussed above, Petitioner's failure to raise this claim in his motion for post-conviction relief, or on direct appeal, results in a procedural bar. *Reagan v. Norris*, 279 F.3d at 656. Petitioner asserts that this Court's failure to address the claim will result in a fundamental miscarriage of justice, as he was denied the protections of the juvenile court system. Specifically, Petitioner argues that he was denied the opportunity to appeal his certification to stand trial as an adult because the recommendation was never filed and approved by a juvenile judge, in accord with Missouri Statute. The Magistrate Judge found that this claim was procedurally barred, and that Petitioner had failed to provide evidence of actual innocense sufficient to excuse the procedural default.

The Court agrees that this claim is subject to a procedural bar, unless Petitioner can show cause and actual prejudice, or a fundamental miscarriage of justice. If indeed Petitioner was entitled to be tried by a juvenile court, absent valid transfer to the Circuit Court, the failure of the

6

juvenile court to follow the proscribed procedure may satisfy the requirement for a miscarriage of justice. The Supreme Court has clearly held that juvenile's are entitled to a hearing, effective assistance of counsel and an informed decision, before a juvenile is transferred to an adult court for prosecution. *Kent v. United States*, 383 U.S. 541, 554 (1966) ("[T]here is no place in our system of law for reaching a result of such tremendous consequences [transferring to circuit court] without ceremony-without hearing, without effective assistance of counsel, without a statement of reasons.").

Under Missouri Law, a juvenile will be tried before juvenile court unless the juvenile is certified for trial as an adult. Mo.Rev.Stat. § 211.071. The statute states that

> if a petition alleges that any child has committed an offense which would be considered first degree murder under 565.020, RSMo, second degree murder under section 565.021, RSMo, first degree assault under section 565.050, RSMo, forcible rape under section 566.020, RSMo, forcible sodomy under section 566.060, RSMo, first degree robbery under section 569.020, RSMo, or distribution of drugs under section 195.211, RSMo, . . . the court shall order a hearing, and may in its discretion, dismiss the petition and transfer the child to a court of general jurisdiction for prosecution under the general law.

Mo.Rev.Stat. § 211.071.1. The statute further requires that:

> If the court dismisses the petition to permit the child to be prosecuted under the general law, the court shall enter a dismissal order containing: (1) Findings showing that the court had jurisdiction over the cause and of the parties; (2) Findings showing that the child was represented by counsel; (3) Findings showing that the hearing was held in the presence of the child and his counsel; and (4) Findings showing the reasons underlying the court's decision to transfer jurisdiction.

Mo.Rev.Stat. § 211.071.7(1)-(4).

Plaintiff complains that he was originally arrested on August 6, 1997, and the Juvenile Commissioner recommended that he be transferred to stand trial as an adult. On August 7, 1997, he was then transferred to the custody of the St. Louis Metropolitan Police Department, where he was released. One Month later, Petitioner was rearrested, charged, and convicted of the offenses

7

at issue in this case. There is no allegation that when Petitioner was originally arrested he was not given the process required under the Missouri Statute. Petitioner's second arrest was for the same crime for which he was originally arrested and certified to stand trial as an adult. Without a showing that there was a fundamental miscarriage of justice, the Petitioner is unable to overcome the procedural bar that is in place. The Petitioner was properly held by the juvenile court, and certified to stand trial as an adult. The intervening release and re-arrest, are insufficient to show that a miscarriage of justice occurred. Therefore, Petitioner's request for a writ of habeas corpus on this basis is denied.

### 3. Failure to Preserve *Batson* Challenge

Petitioner's fifth basis for his ineffective assistance of counsel claim, is that trial and appellate counsel were ineffective for failing to raise the ineffectiveness of trial counsel to preserve the *Batson* challenge. Petitioner's direct appeal counsel did, on appeal, raise the issue that Petitioner's trial counsel failed to make the proper gender *Batson* challenge in his motion for post conviction relief. The Missouri Court of Appeals held that petitioner did not plead sufficient facts to entitle him to relief, because he failed to allege prejudice due to trial counsel's asserted error. The Magistrate Judge held that Petitioner's failure to raise the issue in his motion for post-conviction relief resulted in a procedural bar, and agreed with the Missouri Supreme Court that Petitioner has failed to show cause and actual prejudice or a miscarriage of justice as a result of the claimed error. This Court agrees with the Magistrate Judge.

As discussed above, the trial court did not err in overruling trial counsel's *Batson* challenge to three of the Prosecutor's peremptory strikes. Therefore, even if Petitioner could show cause for his procedural default, he is unable to show prejudice. Even had Petitioner's counsel raised the claim of the *Batson* challenge, the result would have been the same, as trial

8

court's ruling was not in error. Petitioner's request for writ of habeas corpus on this basis is denied.

### 4. Improper Sentencing

In Petitioner's sixth basis for ineffective assistance of counsel, he asserts that his direct appeal counsel was ineffective for failing to challenge the sentence imposed on the basis that it impermissibly punished the Petitioner for exercising his right to a jury trial. The Missouri Court of Appeals, on Petitioner's motion for post-conviction relief, held that Petitioner's direct appeal counsel was not ineffective for failing to raise this assertion on direct appeal, because the facts did not show any improper sentencing. The Magistrate Judge concluded that under the *Strickland* test, the Missouri Court of Appeals determination regarding counsel's performance was reasonable, and therefore, Petitioner's request for a writ of habeas on this basis should be denied. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). This Court agrees with the Magistrate Judge's finding.

In order to succeed on a writ of habeas corpus in federal court, the Petitioner must prove the two elements required under the *Strickland* test, and that the state court's finding on the ineffective assistance claim was unreasonable, and therefore not entitled to deference. *See e.g. Cagle v. Norris*, 474 F.3d 1090, 1097-98 (8th Cir. 2007) (Where Arkansas state court fully adjudicated the ineffective assistance of counsel claim, their decision was upheld because their determination "was not contrary to clearly established federal law and not based on an unreasonable determination of the facts in light of the evidence presented."). *Strickland* requires that the Petitioner demonstrate that counsel's performance fell below an objective standard of reasonableness, and that Petitioner was prejudiced by counsel's deficient performance. 466 U.S. at 687-88.

The facts show that the trial judge informed the Petitioner that it was in his best interest to plead guilty to the offences charged, and offered Petitioner a lower sentence than that offered by the State, if Petitioner plead guilty. The trial judge further informed the Petitioner that if he proceeded to trial, that he would enter a sentence in accordance with the jury's recommendation. Petitioner chose to proceed to trial, and upon a finding by the jury of guilty, the trial judge entered a sentence in accordance with the jury's recommendation.

There is no evidence submitted by Petitioner to show that Petitioner's direct appeal counsel's actions fell below an objective standard of reasonableness. The circumstances surrounding Petitioner's sentencing did not create a basis for relief, and therefore Petitioner's appellate counsel was not ineffective for failing to raise the matter on appeal. *See e.g. United States v. Smith*, 107 F.3d 876, 876 (8th Cir. 1997) (per curium) ("[N]o ineffective assistance for counsel's failure to perform acts appearing to be futile or fruitless." (citing *Garrett v. United States*, 78 F.3d 1296, 1303 n. 11(8th Cir. 1996)). This conclusion, which was reached by the Missouri Supreme Court, is reasonable, and therefore entitled to deference. The Court concludes that Petitioner is not entitled to a writ of habeas corpus on this basis.

## IV. CONCLUSION

The Court concludes that Petitioner has failed to raise a sufficient basis for relief under 42 U.S.C. § 2254, and therefore his petition for a writ of habeas corpus is denied. The Court also considers whether a certificate of appealability is appropriate in this case. A certificate of appealability will issue if the petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). A petitioner makes such a showing if he demonstrates that his petition involves issues which are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues are adequate enough to deserve

encouragement to proceed further. *Randolph v. Kemna*, 276 F.3d 401, 403 n.1 (8th Cir. 2002). In this case, Petitioner has not demonstrated that he is entitled to a certificate of appealability as to any claim presented in his § 2254 Petition.

The Court hereby sustains, adopts, and incorporates herein the Magistrate's Report and Recommendation, as supplemented by this Court's independent analysis.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Michael Randolph's § 2254 petition [doc. #3] is **DENIED**.

Dated this 27th Day of November, 2007.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE